(70 Misc. Rep. 337.)

## FURMANS v. GOUGH.

(Supreme Court, Special Term, New York County. January, 1911.)

1. PLEADING (§ 343*)—JUDGMENT ON PLEADINGS—MOTION FOR INTERLOCUTORY JUDGMENT.

In view of Code Civ. Proc. § 1200, providing that a judgment is either interlocutory or the final determination of the rights of the parties, section 547, providing that if either party is entitled to judgment on the pleadings the court may, on motion, at any time after issue joined, give judgment accordingly, applies to interlocutory as well as to final judgments.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 343.*]

2. PLEADING (§ 343*)—JUDGMENT ON PLEADINGS.

Under Code Civ. Proc. § 547, providing that, if either party is entitled to judgment on the pleadings, the court may on motion at any time after issue joined give judgment accordingly, if there is a single material allegation controverted by the answer that would have to be determined before plaintiff could have an interlocutory judgment, the motion must be denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1048; Dec. Dig. § 343.*]

Action by Adolf Furmans against Richard Gough. Motion by plaintiff for an interlocutory judgment on the pleadings. Motion granted.

F. W. & A. E. Hinrichs, for plaintiff.
James D. Fessenden, for defendant.

PAGE, J. This is a motion by the plaintiff for an interlocutory judgment upon the pleadings, under section 547 of the Code of Civil Procedure. Objection is made by the defendant that the judgment contemplated by that section is a final and not an interlocutory one. I find nothing in the section nor in the purposes sought to be served by the section that would thus limit its application. "A judgment is either interlocutory or the final determination of the rights of the parties." Code Civ. Proc. § 1200. Therefore, had the Legislature intended to thus limit the section, the word "final" would have been inserted before the word "judgment."

Any judgment, for which, upon the pleadings, a party would be entitled to move upon a trial, can be made at Special Term, Part 1. The sole question to be determined is whether, taking the allegations of the complaint admitted by the answer, the plaintiff is entitled to a judgment. If there is a single material allegation controverted by the answer that would have to be determined before plaintiff could have an interlocutory judgment, the motion must be denied. There can be no trial had under this section, and plaintiff's proposed finding recites, improperly, that "this cause having been brought on upon a motion." I have carefully read the pleadings and find that the only material allegations of the complaint that are denied raise issues

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that are properly to be determined upon an accounting, and not in any way material to the question as to whether plaintiff should have an interlocutory judgment for an accounting, and that the admitted facts entitle plaintiff to such interlocutory judgment. The·finding will be settled in accordance with the changes that I have indicated on plaintiff's proposed findings. All questions as to costs and allowances must be reversed for final judgment.

Motion granted. An interlocutory judgment for plaintiff as indicated. If the attorneys can agree upon a referee, a stipulation should be filed upon the settlement of the order; otherwise the court will appoint.

Ordered accordingly.